**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

VERONICA L. BAILEY,
       Appellant,

      v.

DEPARTMENT OF
   TRANSPORTATION,
       Agency.

DOCKET NUMBER
CH-0752-16-0215-I-1

DATE: February 28, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Justin Prato</u>, Esquire, San Diego, California, for the appellant.

<u>David Kessler</u>, Esquire, Kansas City, Missouri, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal of an allegedly involuntary separation from her position. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    On October 27, 2015, the agency proposed to remove the appellant from her Program Analyst position for unsatisfactory performance and placed her on administrative leave. Initial Appeal File (IAF), Tab 21, Subtab 1, Exhibit 5, Subtab 4e. On December 15, 2015, the agency asked the appellant to report for duty to turn in her badge, keys, and other agency property. IAF, Tab 11 at 16. Meanwhile, the appellant had been searching for another position and, on December 17, 2015, she informed the agency that she had accepted a position with another Federal agency. IAF, Tab 21, Subtab 1, Exhibit 9 at 2. The appellant was separated effective December 26, 2015. *Id.*, Exhibit 1. She was appointed to her new position effective December 27, 2015. *Id.*, Exhibit 9.

¶3    The appellant filed a Board appeal in which she asserted that her separation was involuntary because the agency knew or should have known that a performance-based action against her could not be sustained, both on the merits and because of procedural deficiencies. IAF, Tab 1 at 10-11. She further alleged that her separation was involuntary because the agency maintained a hostile work environment due to race and sex discrimination. *Id.*, at 10-11, 14-15. After a

hearing, the administrative judge found that the appellant failed to show that her separation was involuntary.  The appellant petitions for review.

¶4        A decision to resign is presumed to be a voluntary act outside the Board's jurisdiction, and the appellant bears the burden of showing by preponderant evidence that her resignation was involuntary and therefore tantamount to a forced removal.  *Baldwin v. Department of Veterans Affairs*, 111 M.S.P.R. 586, ¶ 15 (2009) (citing *Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1329-30 (Fed. Cir. 2006) (en banc)).  If the appellant can show that she resigned and transferred to another agency to avoid a threatened removal action, and if she can show that the agency knew or should have known that the action could not be substantiated, then her decision to resign may be considered coerced and therefore involuntary.  *Harris v. Department of Veterans Affairs*, 114 M.S.P.R. 239, ¶ 8 (2010).

¶5        The appellant contends that the agency knew or should have known that its proposed removal could not be substantiated because the instances of poor performance that the agency identified made no sense.  After considering the record, including the appellant's testimony, we conclude that the appellant's argument that she did not understand the agency's position is actually an argument that she did not agree that the cited events constituted poor performance.  She appears to admit that the events occurred; she simply provides her excuse for why her errors were not errors or why she was not responsible for them.  The fact that the appellant has a defense—that may or may not be successful—against the agency's allegations of poor performance is insufficient to establish that the agency knew or should have known that its allegations could not be substantiated.  *Barthel v. Department of the Army*, 38 M.S.P.R. 245, 251 (1988) (explaining that to show that the agency knew or should have known that its action could not be substantiated, the appellant must do more than merely rebut the agency's reasons for the action).

¶6      An appellant who claims that her resignation was involuntary also may rebut the presumption of voluntariness in a variety of ways, including by showing that the resignation was the result of intolerable working conditions. *Putnam v. Department of Homeland Security*, 121 M.S.P.R. 532, ¶ 21 (2014). The Board will find an action involuntary on the basis of intolerable working conditions only if the appellant proves that the agency engaged in a course of action that made working conditions so difficult or unpleasant that a reasonable person in the appellant's position would have felt compelled to resign. *Markon v. Department of State*, 71 M.S.P.R. 574, 577-78 (1996). The appellant contended that the agency created a hostile working environment based on race and sex discrimination, which created intolerable working conditions that left her with no choice but to resign. However, the appellant introduced evidence of a single incident in which her supervisor shouted at a co-worker "Get your butt in here." This exclamation may have been inappropriate, but it is not obviously sex- or race-based, and the appellant provided no other evidence that might place the statement in the context of a hostile working environment. Moreover, the statement was not directed at the appellant; she overheard her supervisor make the statement to someone else. We agree with the administrative judge that a reasonable person would not have found working conditions so intolerable that a single statement of this nature directed at someone else left her with no choice but to resign.

¶7      On review, the appellant alleges that the administrative judge improperly denied her request for particular witnesses who would have testified in support of her claim of discrimination. PFR File, Tab 1 at 3. Absent jurisdiction over the underlying action, the Board lacks jurisdiction to adjudicate allegations of discrimination. *Garcia*, 437 F.3d at 1342-43. However, it is appropriate to consider the appellant's allegations to the extent they bear on the question of involuntariness. *Hosozawa v. Department of Veterans Affairs*, 113 M.S.P.R. 110, ¶ 5 (2010). Thus, we have considered the appellant's assertions in terms of her

allegation that the agency created intolerable working conditions by fostering a hostile working environment.

¶8        The administrative judge did not document her reasons for denying the witnesses in question.  IAF, Tab 25 at 4.  However, she provided the parties with two opportunities to submit objections to her witness rulings (contained in the memorandum of prehearing conference), once in writing, and again at the beginning of the hearing.  *Id.* at 5.  The appellant did not object to those rulings.  Therefore, she has not preserved an objection for review.  *Miller v. U.S. Postal Service*, 117 M.S.P.R. 557, ¶ 8 (2012) (finding that when a party did not object to the administrative judge's witness rulings, it is precluded from doing so on review).

¶9        In any event, we review an administrative judge's rulings on witnesses under an abuse of discretion standard.  *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 7 (2010).  Because the appellant herself provided evidence of only one incident that was not directed at her, these witnesses could only corroborate her evidence of that single incident and/or provide evidence about other incidents that she did not witness.  The appellant did not claim that she was aware of other incidents that she did not witness, and any incidents of which she was not aware could not have affected her perception that the working environment was hostile.  Therefore, the appellant has not explained why these witnesses would have offered relevant testimony, and she has not shown that the administrative judge abused her discretion by denying them.  *Id.*, ¶ 16 (stating that the administrative judge did not abuse her discretion in denying witnesses when it had not been shown that their testimony would be relevant, material, and nonrepetitious).

¶10        Accordingly, we agree with the administrative judge that the appellant failed to establish that her resignation was involuntary.  We further find that the administrative judge correctly dismissed the appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[1]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[1] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[2] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[2] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                                  /s/ for
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.